UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TORRESS ROMMEL BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-106-CDP |
| | ) |
| ORRIN HAWKINS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on the motion of plaintiff Torress Rommel Baker for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, I have determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons explained below, I will give plaintiff the opportunity to file a second amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a notice stating that the jail has refused to give him a copy of his account statement. (Docket No. 3). Therefore, I will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before me. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay this amount must be supported by a copy of plaintiff's institution account statement.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Background**

Plaintiff initiated this case on May 7, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against Detective Orrin Hawkins, prosecuting attorneys Franklin Miller, Christopher K. Limbaugh, and Julia Koester, Chief of Police Wes Blair, Sheriff John Jordan, Barbara Nesler, the City of Cape Girardeau, Missouri, and Cape Girardeau County, Missouri. All of plaintiff's claims related to events that occurred while he was being investigated for stealing money from a

3

bank, and during his state court criminal prosecution for that offense. As of the date of this Memorandum and Order, plaintiff's criminal case remains pending in the Circuit Court of Cape Girardeau County. *See State of Missouri v. Torress Baker*, No. 17CG-CR02000-01 (32nd Jud. Cir. 2017).

On the same date he filed the original complaint, plaintiff filed a motion for preliminary injunction, asking this Court to enjoin "the defendants" from prosecuting him. (Docket No. 5). He also filed a motion seeking the appointment of counsel. From May 21 to May 29, 2018, plaintiff filed a total of four documents in an apparent attempt to amend or supplement the complaint and/or the motion for preliminary injunction. On June 1, 2018, plaintiff filed an amended complaint, which he described as an "Amended Complaint Against New Defendants," and he set forth allegations against two attorneys who served as his public defenders. (Docket No. 13 at 8). After filing the amended complaint, plaintiff filed more documents in an apparent attempt to supplement his motion for preliminary injunction, his original complaint, and his amended complaint. He also filed a motion to correct the spelling of one defendant's name.

**Discussion**

Plaintiff obviously intends to bring claims related to events that occurred during his state court criminal proceedings. However, he is attempting to do so by filing numerous documents instead of one single pleading. This is an impermissible manner in which to bring claims before the Court. Neither the Court nor the defendants can be expected to pour through all of plaintiff's pleadings and supplemental documents and piece his claims together. In addition, both the complaint and the amended complaint violate Rule 8(a) of the Federal Rules of Civil Procedure, which requires (in relevant part) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This complaint and amended complaint are both

far too long, and they brim with irrelevant and redundant statements, legalese, and conclusory statements. This practice has resulted in pleadings that obscure plaintiff's actual claims, and that would fail to give each defendant adequate notice of the claims against him or her. Plaintiff also most often sets forth his claims in a conclusory fashion instead of alleging specific facts showing what each named defendant did to violate his rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Similarly, plaintiff's allegations related to municipal liability, conspiracy and state law torts are vague and conclusory, and fail to state valid claims for relief. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Based upon the foregoing deficiencies, and based upon plaintiff's obvious intention to amend his pleadings, I will give plaintiff the opportunity to file a second amended complaint within thirty days. Plaintiff is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a "short and plain" statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires a party to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must clearly identify each defendant against whom he is alleging a claim, and he must articulate, for each defendant he names, the specific facts about what that defendant did to violate his rights. Plaintiff's failure to make specific factual allegations against any named defendant will result in that defendant's dismissal from this case.

Plaintiff should also specify whether he is suing each defendant in his or her individual capacity, official capacity, or both. If plaintiff names more than one defendant, he may only

allege claims that are related to each other and that involve common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff shall have thirty (30) days from the date of this Memorandum and Order to file a second amended complaint. Plaintiff is reminded that all of his claims must be included in one, centralized complaint form. Plaintiff is cautioned that the second amended complaint will completely replace all prior pleadings, and it will be subject to review pursuant to 28 U.S.C. § 1915(e). Plaintiff is cautioned that his failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.

I now turn to plaintiff's motion for preliminary injunction, in which he asks me to enjoin "the defendants" from continuing to prosecute him in state court. (Docket No. 5). The motion will be denied. In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court held that principles of equity, comity, and federalism dictate that federal courts should generally refrain from enjoining ongoing state criminal proceedings, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. Here, I conclude that abstention is warranted under *Younger*. Plaintiff is part of an ongoing state judicial proceeding arising out of the same facts as this § 1983 case, plaintiff's allegations implicate important state interests, and an adequate opportunity exists in the state proceeding to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with plaintiff's ongoing state criminal proceedings, I will deny plaintiff's motion for preliminary injunction. *See Younger*, 401 U.S. 37.

Plaintiff has also filed a motion to appoint counsel. I will deny this motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When

determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims. *Id.* After reviewing these factors, I conclude that the appointment of counsel is not warranted at this time. Based upon plaintiff's filings, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts. In addition, the motion is premature, as the defendants have yet to be served with process and discovery has not begun. I will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses. Finally, I will deny plaintiff's motion to change the spelling of a defendant's name, as plaintiff will be able to achieve this in the second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Docket No. 5) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to change spelling (Docket No. 19) is **DENIED** as moot.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 13th day of September, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE