# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TORRESS ROMMEL BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-106-CDP |
| | ) | |
| ORRIN HAWKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me upon review of plaintiff Torress Rommel Baker's response to my September 13, 2018 order directing him to file a second amended complaint. For the reasons explained below, I will dismiss this case, without prejudice.

### Background

Plaintiff initiated this case on May 7, 2018 by filing a complaint pursuant to 42 U.S.C. § 1983 against Detective Orrin Hawkins, prosecuting attorneys Franklin Miller, Christopher K. Limbaugh, and Julia Koester, Chief of Police Wes Blair, Sheriff John Jordan, bank employee Barbara Nesler, the City of Cape Girardeau, Missouri, and Cape Girardeau County, Missouri. Plaintiff's claims were related to events that occurred while he was being investigated, and later prosecuted, for stealing money from a bank. He sought monetary damages, declaratory relief, and a preliminary injunction enjoining the defendants from prosecuting him in state court. On the same date he filed the original complaint, plaintiff filed a motion for preliminary injunction and a motion seeking the appointment of counsel.

From May 21 to May 29, 2018, plaintiff filed four documents in an apparent attempt to amend or supplement the complaint and/or the motion for preliminary injunction. On June 1,

2018, he filed an amended complaint pursuant to 42 U.S.C. § 1983, but he described it as "Additional Parties and Claim." (Docket No. 13 at 6). He named the following defendants: Detective Orrin Hawkins, prosecuting attorneys Frank Miller, Julia Koester and Christopher Limbaugh, public defenders Carol Tanksley and Neil Reynolds, Chief of Police Wes Blair, Sheriff John Jordan, the City of Cape Girardeau, "County of Cape," and bank employee Barbara Nesler. He sought monetary damages, declaratory relief, and a preliminary injunction enjoining the defendants from prosecuting him in state court. After filing the amended complaint, plaintiff filed more documents in an apparent attempt to supplement his motion for preliminary injunction, his original complaint, and his amended complaint.

Upon initial review, I determined that plaintiff's case was subject to dismissal. Briefly, I noted that plaintiff's pleadings violated Rule 8 of the Federal Rules of Civil Procedure, that he set forth his claims in a conclusory fashion rather than alleging specific facts showing what each named defendant did to violate his rights, and that he failed to state claims of municipal liability. I also noted that plaintiff obviously intended to amend his complaint, but he was trying to do so by filing multiple pleadings and supplements. I noted that neither I nor the defendants should be required to search through plaintiff's multiple filings in an effort to piece together his claims.

On September 13, 2018, I entered an order giving plaintiff the opportunity to file a second amended complaint to set forth all of his claims for relief. In that order, I clearly explained why plaintiff's case was subject to dismissal, and I also explained that he could not bring claims before the Court by filing multiple documents. I advised him that the second amended complaint would completely replace all of his prior pleadings, and must therefore include all of the claims he wished to bring. I cautioned plaintiff that his failure to timely submit

2

a second amended complaint in accordance with my instructions would result in the dismissal of his case, without prejudice and without further notice.

On September 21, 2018, plaintiff filed a document that he apparently intended to serve as a supplement to the original and/or the amended complaint. In the document, plaintiff states he seeks to add Caitlin Pistorio, an assistant prosecuting attorney, as a defendant. He alleges that she violated his substantive due process rights, engaged in a civil conspiracy, and committed prosecutorial misconduct when she refused to drop the charges against him even though he was innocent, and that she was out to get him and prosecuted him in bad faith. Plaintiff refers to some of the previously-named defendants: Barbara Nesler, Orrin Hawkins, Julia Koester, Frank Miller, Christopher Limbaugh, Carol Tanksley, and Neil Reynolds. He also refers to one Angela Woodruff. Plaintiff lists the names of several defendants and states they falsely arrested and falsely imprisoned him in violation of his Fourth Amendment rights. Plaintiff also alleges that all of the defendants engaged in a civil conspiracy in violation of federal and state law, and he states he brings state law claims of intentional infliction of emotional distress and defamation of character. He also states he brings *Bivens* claims.[1] With the exception of Pistorio, plaintiff sets forth his claims in a wholly conclusory manner instead of alleging facts showing what each named defendant did to violate his rights.

Review of Missouri state court records shows that, on November 8, 2017, plaintiff pleaded guilty to felony forgery, and was sentenced to serve a nine-month jail sentence. *See State of Missouri v. Torress Baker*, No. 17CG-CR02000-01 (32nd Jud. Cir. 2017).

---

[1] This is an apparent reference to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

**Discussion**

Plaintiff has made no attempt to comply with my September 13, 2018 order directing him to submit a second amended complaint. Instead, plaintiff again seeks to add new parties and claims by filing a supplemental document. Because of the multitude of submissions in this case, many of which are repetitive and difficult to discern, I am unable to properly determine exactly what claims or allegations plaintiff seeks to assert against whom. In addition, the defendants would not have fair notice of the claims asserted against them. The rules of pleading are simple. I gave plaintiff meaningful notice of what was expected, and I cautioned him that I would dismiss his case if he failed to file a second amended complaint in accordance with my order. While I recognize the necessity of liberally construing *pro se* pleadings, this does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Nothing permits the conclusion that plaintiff would follow the Federal Rules of Civil Procedure or my instructions if he were again allowed to submit an amended pleading. This action is therefore subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (affirming dismissal of amended complaints for failure to comply with Fed. R. Civ. P. 8 where district court gave express warning), *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (*per curiam*) (district court did not abuse its discretion in dismissing action without prejudice when the *pro se* plaintiffs failed to comply with an order "directing them to file within fourteen days an amended complaint in conformity with Rule 8.").

Even if the instant document could be considered a second amended complaint, it would fail to state any viable claims for relief. Plaintiff's claims against Pisotrio are wholly based upon her alleged wrongdoing while initiating and pursuing the State of Missouri's criminal prosecution of him. However, Pistorio is immune from such claims. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Plaintiff's allegations that Pistorio was out to get him or acted in bad faith do not save his claims. Immunity for the performance of prosecutorial functions is not defeated by allegations of improper motivation. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity, and it is better to leave wrongs committed by dishonest officers unredressed than to subject the honest to the constant dread of retaliation); *see, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Lerwill v. Joslin*, 712 F.2d 435, 441 (10th Cir. 1983).

Plaintiff also states he brings Fourth Amendment claims of false arrest and false imprisonment against Pistorio and other defendants. As noted above, plaintiff pleaded guilty to the charge against him, and is currently serving a jail sentence. He has not demonstrated that his conviction or sentence has been reversed, expunged, or called into question by issuance of a writ of habeas corpus. He therefore cannot maintain Fourth Amendment false arrest or false imprisonment claims. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a prisoner may not

recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus); *see also Anderson v. Franklin County, Mo.*, 192 F.3d 1125, 1131 (8th Cir. 1999) (recognizing that claims of false arrest and false imprisonment are subject to dismissal as *Heck*-barred). In addition, plaintiff's allegations are wholly conclusory, and would fail to state viable claims for this reason, as well. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Plaintiff's also states he brings a § 1983 civil conspiracy claim against all of the defendants. To prevail on a § 1983 conspiracy claim, a plaintiff must allege, *inter alia*, the deprivation of a constitutional right or privilege. *Askew v. Millerd*, 191 F.3d 953, 958 (8th Cir. 1999) (internal citation omitted). As noted above, plaintiff herein has failed to state a viable claim that his constitutional rights were violated, and he therefore cannot maintain a § 1983 conspiracy claim. Even if plaintiff had successfully alleged a constitutional violation, his § 1983 conspiracy claim would fail. Pistorio is immune from such a claim because her alleged participation consisted of otherwise immune acts, and plaintiff's allegations of conspiracy against the other defendants are wholly conclusory. Allegations of conspiracy must be pled with sufficient specificity and factual support to suggest a "meeting of the minds." *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988); *see also Iqbal*, 556 U.S. at 678. Plaintiff cannot maintain a *Bivens* action against any of these defendants because he does not allege, nor does it appear, that they are federal actors. Finally, because I would dismiss plaintiff's federal claims, I would also dismiss all remaining supplemental state claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of November, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE